IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01448-RPM

BRY JONES and
DAVID WROBLEWSKI,

      Plaintiff,

v.

CITY OF GREENWOOD VILLAGE;
CITY OF GREENWOOD POLICE CHIEF DONNIE PERRY, individually and in his official capacity; and
CITY OF GREENWOOD POLICE LIEUTENANT JOSEPH HARVEY, individually and his his official capacity;

      Defendants.

## ORDER GRANTING SUMMARY JUDGMENT

City of Greenwood Village ("City") is a municipality in Colorado. It has a police department ("GVPD") under the command of Police Chief Donnie Perry. Lieutenant Joseph Harvey is on the command staff. David Wroblewski joined the department in 1990 and was promoted to patrol sergeant in 2001. Bry Jones became a patrol officer in 1999. The Fraternal Order of Police (FOP) has represented the officers in the GVPD since the early 1990's. In 2007, Jones and some other officers organized a local chapter of the International Union of Police Associations ("IUPA" or "Union"), an affiliate of the AFL-CIO. Jones was elected and served as a union steward.

The Union was formed to be more active in obtaining benefits for the police officers than the FPO, including an effort to obtain a collective bargaining agreement with the City. Jones resigned his membership in the FOP. Wroblewski joined the Union in 2007 and retained his membership in the FOP. He attended some meetings of the Union but was not active in its affairs.

At some time after formation of the Union, an anonymous letter circulated within the GVPD promoting the Union and its activities. City Manager James Sanderson wrote a response letter to all GVPD officers, dated August 23, 2007, explaining the current structure for compensation and benefits. Pl. Ex. 6.

In the fall of 2007, Jones interviewed with Harvey for appointment to a sniper position. During that interview Harvey asked questions relating to Jones commitment to the GVPD and, according to Jones, Harvey asked whether Jones was the author of the anonymous pro-Union letter, which Jones denied.

On June 9, 2009, nine GVPD officers were involved in a warrantless entry into a room at Motel 6 in the City.[1] Sergeant Patrick Cillo and Sergeant Wroblewski were the supervisors. Jones was among those entering the room. That entry was determined to be a violation of the Fourth Amendment by the District Court in a criminal prosecution of an occupant of the room.

Chief Perry ordered Lt. Harvey to conduct an internal affairs investigation of the incident. He wrote a report of his investigation. Harvey recommended termination of employment of Wroblewski, Jones, Cillo and Rodney Valenzuela with lesser discipline for the other officers under the "Discipline Without Punishment" system ("DWP") then in place. Under that policy, Chief Perry held pre-termination meetings for each and adopted Harvey's recommendation of termination of Jones, Wroblewski and Cillo but not Valenzuela. Jones requested that he be allowed to resign and did on August 4, 2009. Cillo and Wroblewski appealed their terminations to City Manager Sanderson who affirmed the Chief's decision.

Jones and Wroblewski filed this civil action on June 2, 2011, claiming that the termination of their employment at the GVPD was in retaliation for their participation in the Union in violation of the First Amendment to the United States Constitution for which they seek

---

[1] A GVPD detective was also at the scene.

damages pursuant to 42 U.S.C. § 1983.[2]  After full discovery the defendants moved for summary judgment.  Oral argument was heard on October 30, 2012.

There are some factual disputes concerning what happened during the Motel 6 incident and the level of culpability of the plaintiffs.  It is not necessary to resolve those disputes because the relevant issue in this case is the intent of Perry, Harvey and Sanderson in deciding to terminate employment of the plaintiffs.  It is assumed that union membership is within the freedoms of speech, association and petition protected by the First Amendment.

To defeat the defendants' motion for summary judgment the plaintiffs must show that they have sufficient factual support to permit a jury to find a fair inference that the individual defendants were substantially motivated by union membership in deciding that the plaintiffs' reported conduct warranted removal from the GVPD.

There is ample evidence that the individual defendants opposed the IUPA because it was more aggressive than the FOP in that the latter organization had not sought collective bargaining and was perceived as a benevolent association rather than a labor organization.  That was also the view of the City, as expressed by the City Manager.  There is also some support for the view that these plaintiffs and Cillo were given discipline that was disproportionate to their conduct and to the other officers involved.  The defendants have explained their view that Wroblewski had failed to manage the other officers as would be expected of a patrol sergeant and that Jones had used unnecessary force in his muzzle punch of an occupant with an assault rifle.

Their judgment may be criticized but it must be remembered that police misconduct is frequently the subject of litigation.  Protecting the City from damages and maintaining respect for their police officers are important factors in police discipline decisions.

---

[2]Cillo filed Civil Action No. 10-cv-03116-MSK-MJW making the same claim.  Judge Marcia Krieger granted summary judgment of dismissal on September 28. 2012.

The plaintiffs' attempt to compare the lesser discipline given to other officers fails to support their claim because some of them were also members of the Union.

The evidence proposed by the plaintiffs is not sufficient to support a finding of retaliation for protected activity under the First Amendment.  It is therefore

ORDERED, that the defendants' motion for summary judgment is granted and the Clerk will enter judgment for the defendants dismissing this civil action with costs to the defendants.

Dated:   December 13th, 2012

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge